In Re Petition of ALVIN P. SCHWARTZ.
No. 11802.
Decided January 5, 1970.
463 P.2d 316.

Alvin P. Schwartz, pro se.

## MEMO OPINION

PER CURIAM.

This is an original proceeding in which petitioner, an inmate of Utah State Prison appearing pro se, seeks a writ of habeas corpus to set aside the revocation of his parole.

Petitioner was sentenced to 6 years at hard labor in Montana State Prison for forgery on May 25, 1965, from district court in Miles City, Montana. He states that he was paroled from the Montana prison on March 24, 1967. However, prison records indicate that he was not released until April 12, 1967. At that time he was paroled to the State of Utah under section 94-7901 and 94-7902, R.C.M.1947, the Uniform Act for Out-of-State Parolee Supervision. Subsequently, petitioner, in violation of his parole agreement, left the State of Utah and went to California in September 1968. He was later extradited from California to Utah and now is apparently serving a prison term in the Utah prison for a crime he committed and has failed to set forth in his petition. The State of Montana, upon learning of petitioner's movement from Utah in violation of his parole agreement, placed a detainer warrant on him with Utah officials.

Petitioner now claims that the State of Montana has violated his constitutional rights by revoking his parole. He also argues that in order to be paroled to another state, under the Uniform Act, a prisoner must sign a waiver agreement and this includes a waiver of extradition. This he claims is a form of duress and requires a parolee to sign away his constitutional rights which is unconstitutional.

First we must note that the Montana Board of Pardons has not revoked petitioner's parole. Rather they have placed a detainer on him. Upon completion of his obligation in Utah he will be returned to this State and the Board will then determine if his parole should be revoked.

Second we must point out that petitioner's arguments of a violation of his constitutional rights is extremely fallacious and has been dealt with by this Court in Petition of Dixson, 149 Mont. 412, 430 P.2d 642. That order fully sets forth the law on this subject and there does not appear, at this time, any reason to change that holding.

Petitioner has failed to set forth any reason for the writ and it is hereby denied and these proceedings are dismissed.